IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALISHA EILEEN DUNCAN BARGER, )
)
        Plaintiff, )
)
  vs. )   Civil Action No.  2:17-234
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security,[1] )
)
        Defendant. )
)

AMBROSE, Senior District Judge

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 9 and 11]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 10 and 12]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 11] is granted and Plaintiff's Motion [ECF No. 9] is denied.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

July 29, 2013. [ECF No. 7-2, at 13]. In her application, she alleged that she has been disabled since August 31, 1997 due to bipolar disorder and OCD. Id. Administrative Law Judge ("ALJ") Michael S. Kaczmarek held a hearing on September 9, 2015, at which Plaintiff was represented by counsel. [ECF No. 7-2, at 25-55]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 51-54. In a decision dated January 6, 2016, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. Id. at 20. On January 6, 2017, the Appeals Council denied Plaintiff's request for review. Id. at 1-5. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 9 and 11]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by

treating physicians).” Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she

is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### B. Failure to Consider Applicable Listings – Anxiety and OCD

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including bipolar disorder, obsessive compulsive disorder, and anxiety. [ECF No. 7-2, at 15]. At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 15-16.

Plaintiff argues that the ALJ erred at step three because he analyzed her obsessive compulsive disorder and anxiety disorder under Listing 12.08, which, at the time of the hearing, addressed Personality Disorders, rather than Listing 12.06, which addressed Anxiety Related Disorders. [ECF No. 10, at 9-10].[2] This argument is without merit. It appears Plaintiff is referring to page three of the ALJ's Opinion, which states that "[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04[3] and *12.08*." [ECF No. 7-2, at 15 (emphasis added)]. Although I agree that Listing 12.06, and not 12.08, is the applicable Listing for Plaintiff's anxiety and OCD, a careful reading of the surrounding text shows that the ALJ's citation to Listing 12.08 is likely a

---

[2] Although the mental disorder listings recently were amended, the current version does not apply to the present claim. See infra Section II.C.

[3] Listing 12.04 (Affective Disorders) applied to Plaintiff's bipolar disorder. P does not challenge the ALJ's 12.04 analysis for purposes relevant to this argument.

4

typographical error. Id. For example, on the following page of the opinion, the ALJ analyzes whether the "paragraph C" criteria of each Listing are satisfied. Id. at 16. After discussing the "paragraph C" criteria then applicable to Listing 12.04, the ALJ states, "Furthermore, 'paragraph C' criteria *of 12.06* are not satisfied because the evidence does not show the claimant's impairment has resulted in a complete inability to function independently outside the area of her home." Id. (emphasis added). In addition to the fact that Listing 12.08 does not contain any "paragraph C" criteria, this language tracks precisely Listing 12.06's "paragraph C" criteria, indicating that Listing 12.06 is the listing the ALJ actually considered. See 20 C.F.R. Part 404, Subpt. P, App'x 1, § 12.06C (2015) ("Resulting in complete inability to function independently outside the area of one's home."). Moreover, and, in any event, the only other listing criteria relevant to the ALJ's analysis in this case are the "paragraph B" criteria, and the "paragraph B" criteria for Listings 12.04, 12.06, and 12.08 were identical at the time of the ALJ's decision.[4] Thus, to the extent the ALJ considered the wrong listing, which I believe he did not, such error was harmless and does not warrant remand. See Slaughenhoupt v. Comm'r of Soc. Sec. Admin., Civ. No. 15-1345, 2016 WL 7116848, at *4 (W.D. Pa. Dec. 7, 2016) (citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005)).

---

[4] At the time of the hearing, the paragraph B criteria of all three listings required that a claimant's mental impairments result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R. Part 404, Subpt. P, App'x 1, §§ 12.04, 12.06, 12.08 (2015). After considering the record evidence, the ALJ determined that Plaintiff had mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation of extended duration. [ECF No. 7-2, at 15-16]. The ALJ further analyzed the "paragraph C" criteria of each listing and found that the evidence failed to establish those criteria. Id. at 16.

## C.     Failure to Address All Impairments - PTSD

As set forth in 20 C.F.R. § 416.921(a), an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. The regulations define basic work activities as the abilities or aptitudes necessary to do most jobs. 20 C.F.R. § 416.921(b). As set forth above, the ALJ found that Plaintiff had severe impairments, including bipolar disorder, obsessive compulsive disorder, and anxiety. [ECF No. 7-2, at 15]. Plaintiff, however, argues that the ALJ erred in failing to find her post-traumatic stress disorder to be a severe impairment as well. For numerous reasons, I disagree.

As an initial matter, the record contains few references to PTSD. Plaintiff did not list PTSD as a severe impairment in her disability application. See, e.g., ECF No. 7-3, at 56 (noting that Plaintiff filed for disability due to "bipolar and OCD"); ECF No. 7-6, at 160, 168 (same). Similarly, the record indicates that Plaintiff told the consultative examiner, Lanny Detore, that she was being treated for "major depressive disorder with bipolar disorder and OCD with anxiety and depression." [ECF No. 7-7 (Ex. 2F)]. Consistent with these representations, and, after examination, Dr. Detore diagnosed Plaintiff with bipolar mood disorder, markedly severe with history of major depressive episodes; and moderate OCD disorder. Id. Plaintiff likewise did not raise PTSD specifically in her hearing testimony. [ECF No. 7-2, at 27-51]. Although Plaintiff correctly notes that the records from her treating physician, Geith Shahoud, M.D., list PTSD as one of her diagnoses, see ECF No. 7-8, Ex. 5F, it is well-established that a mere diagnosis alone is insufficient to establish severity. See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 (3d Cir. 2007); Walker v. Barnhart, 172 F. App'x 423, 426 (3d Cir. 2006); Foley v. Comm'r of Soc. Sec., 349 F. App'x 805, 808 (3d Cir. 2009). For all of these reasons, it is difficult to fault the ALJ for failing to list PTSD as a severe limitation at step two of his analysis.

Moreover, and, in any event, the ALJ did not deny Plaintiff's application for benefits at step two of the analysis. Rather, the ALJ found in Plaintiff's favor at step two when he concluded that Plaintiff's bipolar disorder, OCD, and anxiety were severe impairments. The ALJ ruled against Plaintiff at steps four and/or five of the sequential evaluation process, after concluding that her residual functional capacity was sufficient to enable her to perform certain work existing in the economy. Furthermore, the ALJ considered all of Plaintiff's alleged functional limitations in making his residual functional capacity determination, including those arguably related to her PTSD. [ECF No. 7-2, at 16-20]. Contrary to Plaintiff's suggestion in her Brief, the ALJ did not ignore Dr. Shahoud's records, but, rather, discussed them extensively in making his findings. Id. at 17-18 (citing Ex. 5F). Although the ALJ did not mention PTSD by name, he evaluated all of the mental limitations and symptoms contained in those records. Id. The ALJ also considered Plaintiff's testimony regarding all of her alleged mental limitations. Id. Plaintiff has not identified any limitations unique to her PTSD that the ALJ failed to consider, and my review of the record has revealed none. In addition, the ALJ did not disregard Plaintiff's alleged functional limitations in their entirety. Rather, he included numerous restrictions related to Plaintiff's mental impairments in his RFC finding. Id. at 16-17 (limiting Plaintiff to performing routine and repetitive tasks at the SVP 1 to 2 level; to occasional public interaction; to work in a low-stress environment that involves only simple decisions and infrequent change and those changes that did occur would be explained and/or demonstrated and could be learned in 30 days or less; and to work that must not be fast-paced or have strict production or time quotas).

Because the ALJ found in Plaintiff's favor at step two and proceeded with the sequential analysis during which he considered all of Plaintiff's alleged functional limitations, even if he had

erroneously omitted PTSD as a severe impairment, any such error was harmless. See Salles, 229 F. App'x at 144-45 & n.2 (citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005)).

Plaintiff also suggests that the ALJ erred in failing to evaluate Plaintiff's PTSD under newly-promulgated listing 12.15. This argument is meritless. The listing to which Plaintiff refers relates specifically to "Trauma- and stressor-related disorders," including PTSD. See 20 C.F.R. Part 404, Subpt. P, App'x 1, §§ 12.00(B)(11), 12.15 (2017). Listing 12.15, however, only became effective on January 17, 2017, and, therefore, does not apply to Plaintiff's claim. See 81 FR 66138, 2016 WL 5341732, n.1 (Sept. 26, 2016) (explaining that the agency will use the revised rules on and after their effective date, in any case in which the agency makes a determination or decision, and that the agency expects Federal courts to review its final decisions using the rules that were in effect at the time the decisions were issued). At the time the ALJ rendered his decision in this case (January 6, 2016), the Listing applicable to PTSD was 12.06. See Titsworth v. Berryhill, No. 8:16CV287, 2017 WL 3524666, at *7 (D. Neb. Aug. 16, 2017); Ferguson v. Berryhill, No. 17-CV-01491-MEJ, 2017 WL 6450486, at *11 n.4 (N.D. Cal. Dec. 18, 2017). As set forth above, the ALJ considered Plaintiff's credibly established functional limitations resulting from her mental impairments under Listing 12.06, and appropriately concluded that Plaintiff did not meet that Listing.

**C.     Evaluation of Medical Opinion Evidence**

Finally, Plaintiff cursorily contends that the ALJ erred in providing greater weight to the opinion of non-examining state agency physician Emanuel Schnepp, Ph.D., than to the opinions of her treating physician, Dr. Shahoud. [ECF No. 10, at 12-13]. This argument also is without merit.

As an initial matter, Plaintiff has not identified any opinion evidence in the record from Dr. Shahoud. Rather, the only documents from Dr. Shahoud are his treatment records. [ECF No. 7-8 (Ex. 5F)]. These records consist primarily of notes and medication logs and do not contain "opinions" as defined in the regulations. See 20 C.F.R. § 416.927(a)(1) (defining medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical and mental restrictions")[5]; see also White v. Berryhill, Civil Action No. 17-10, 2018 WL 585555, at *4 (W.D. Pa. Jan. 29, 2018). Therefore, the ALJ was not required to assign these records any "weight." Nevertheless, as set forth above, the ALJ properly considered Dr. Shahoud's records and cited them as evidence where appropriate, including to show that Plaintiff was less limited than alleged. [ECF No. 7-2, at 17-19].

Further, the ALJ reviewed in detail all of the medical evidence and then properly assigned weight to the true opinion evidence. For example, the ALJ explained how the opinion of consultative examiner Dr. Detore that Plaintiff had certain marked restrictions was entitled to little weight because it was not supported by the treatment records and relied too heavily on Plaintiff's subjective reports during one encounter without reviewing Plaintiff's treatment history. Id. at 18-19. He further explained how Dr. Schnepp's opinion was entitled to great weight because his findings were supported by the treatment records and Plaintiff's reported daily activities. Id. at 19.[6] The ALJ's explanations were valid and acceptable reasons for weighing opinion evidence.

---

[5] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. §§ 416.927, 416.920c (2017).

[6] Dr. Schnepp opined that Plaintiff had mild restrictions with activities of daily living; moderate limitations on social functioning and maintaining concentration, persistence, and pace; and no repeated episodes of

9

20 C.F.R. § 416.927.  Although there may be evidence that supports Plaintiff's position, the standard is not whether there is evidence to support Plaintiff's position, but, whether there is substantial evidence to support the ALJ's finding.  See Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989).  After careful review, I find that substantial evidence of record supports the ALJ's weighing of the opinion evidence in this case.  See ECF No. 7-2, at 17-19 (and evidence cited therein). Therefore, there is no error in this regard, and remand is not warranted on this basis.

### III.  **CONCLUSION**

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.  An appropriate Order follows.

---

decompensation of extended duration.  [ECF No. 7-2, at 19 (citing Ex. 1A)].

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALISHA EILEEN DUNCAN BARGER, )
)
    Plaintiff, )
)
    vs. ) Civil Action No. 2:17-234
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security,[1] )
)
    Defendant. )
)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 28th day of February, 2018, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment [ECF No. 11] is GRANTED, and Plaintiff's Motion for Summary Judgment [ECF No. 9] is DENIED.

                                  BY THE COURT:

                                  /s/ Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).